PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Fallon Sablan                                   Docket No. 0650 3:13CR00139 - 2

### Petition for Action on Conditions of Pretrial Release

COMES NOW Dariel S Blackledge-White, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Fallon Sablan who was placed under pretrial release supervision by the Honorable John S. Bryant, U.S. Magistrate Judge sitting in the Court at **Nashville, Tennessee**, on August 08, 2013, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Dariel S Blackledge-White /s/ | Nashville, TN | August 26, 2013 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

Next Scheduled Court Event: **Trial** — October 15, 2013
Event / Date

---

## PETITIONING THE COURT

☒ No Action
☐ To Issue a Warrant
☐ To issue an order setting a hearing on the petition
☐ Other

---

### THE COURT ORDERS:
☒ No Action
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☐ A Hearing on the Petition is set for

_____  _____
Date                          Time

Considered and ordered this 27th day of August, 2013, and ordered filed and made a part of the records in the above case.

/s/ John Bryant
Honorable John S. Bryant
U.S. Magistrate Judge

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
SABLAN, FALLON
Case No. 3:13-CR-00139-2
August 26, 2013

On August 8, 2013, defendant Fallon Sablan appeared before Your Honor for an Initial Appearance as a result of being charged as follows:

**Count 1:** Title 18 U.S.C. §§ 1951 and 2 - Hobbs Act Robbery;

**Count 2:** Title 18 U.S.C. §§ 924(c)(1)(A) and 2 - Use, Carry, Brandish, Discharge of a Firearm During and in Relation to a Crime of Violence;

**Count 3:** Title 21 U.S.C. §§ 846 and 860 - Conspiracy to Possess With Intent to Distribute Marijuana Within 1,000 Feet of an Elementary School;

**Count 4:** Title 18 U.S.C. §§ 924(c)(1)(A) and 2 - Use, Carry, Brandish, Discharge of a Firearm During and in Relation to Drug Trafficking;

The Government did not file a Motion for Detention, and Ms. Sablan was released to pretrial supervision with conditions.

A trial date has been set for October 15, 2013.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: Refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; defendant shall notify Pretrial Services of any medication prescribed by a physician:**

On August 9, 2013, the defendant reported to the U.S. Probation and Pretrial Services Office, where a urine screen was administered. Ms. Sablan tested positive for benzodiazepines, and she admitted she used Xanax on Saturday, August 3, 2013, when she went to a nightclub. The specimen was sent to Alere Laboratories, located in Gretna, Louisiana, and on August 12, 2013, it was confirmed positive for oxazepam and temazepam.

On August 12, 2013, the defendant reported to the office for a random drug screen, and she submitted a urine specimen that was confirmed positive for the presence of oxazepam. Ms. Sablan denied new drug use.

2

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
SABLAN, FALLON
Case No. 3:13-CR-00139-2
August 26, 2013

**Current Status of Case:**

As previously noted, a trial date has been set for October 15, 2013.

**Probation Officer Action:**

This officer has continued to encourage the defendant to remain drug free, and on August 9, 2013, she was placed in Phase 2 of the U.S. Probation Office's Code-a-Phone program, a program whereby defendants call daily to ascertain whether they need to report to the U.S. Probation and Pretrial Services Office to submit a urine screen. Due to the short duration between the defendant's initial and her second positive urine screens, combined with her denial of new use, she has not been referred for a drug assessment at this time. Ms. Sablan has been advised of this action, and she was notified that any future positive urine screens will result in a referral for substance abuse treatment. Additionally, the defendant was informed that she is required to participate in any recommended treatment.

**Respectfully Petitioning the Court as Follows:**

As the defendant denies she has used drugs subsequent to her initial arrest on August 8, 2013, the U.S. Probation and Pretrial Services officer respectfully requests that no action be taken at this time.

Assistant U.S. Attorney Clay Lee has been advised of the above violations.

Approved:

William Burton Putnam
Supervisory U.S. Probation Officer

xc: Assistant United States Attorney Clay Lee
Defense Counsel Ron Munkeboe

3

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 3:13-00139 (2) |
| Fallon Sablan | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* ___to be notified___
                                                              Place

_____ on _____
                             Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( ✔ ) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

( ) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or surrender to serve any sentence imposed.



DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL   SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (7) The defendant is placed in the custody of:

Person or organization _____
Address *(only if above is an organization)* _____
City and state _____ Tel. No. *(only if above is an organization)* _____

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____
*Custodian or Proxy*            *Date*

( X ) (8) The defendant must:
( X ) (a) report to the Pretrial Services Office as directed,
telephone number (615) 736-5771, no later than _____.
( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
( ) (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum
( ) (d) execute a bail bond with solvent sureties in the amount of $ _____.
(X) (e) maintain or actively seek employment.
( ) (f) maintain or commence an education program.
( ) (g) surrender any passport to: _____
( ) (h) obtain no passport.
(X) (i) abide by the following restrictions on personal association, place of abode, or travel: *Travel is restricted to the Middle District of Tennessee unless approved in advance by Pretrial Services.*
(X) (j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: *any codefendant or any member of the Rolling 60s street gang.*
( ) (k) undergo medical or psychiatric treatment or remain in an institution as follows: _____
( ) (l) return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____
(X) (m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
(X) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
(X) (o) refrain from ( ) any (X) excessive use of alcohol.
(X) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(X) (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
(X) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
(X) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
   (X) (i) **Curfew.** You are restricted to your residence every day (X) from *9:00 p.m.* to *6:00 a.m.*, or ( ) as directed by the pretrial services office or supervising officer; or
   ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer; or
   ( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
( ) (t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
   ( ) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.
   ( ) (i) Location monitoring technology as directed by the pretrial services office or supervising officer;
   ( ) (ii) Radio Frequency (RF) monitoring;
   ( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
   ( ) (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
   ( ) (v) Voice Recognition monitoring.
(X) (u) report as soon as possible, *and in any event within 48 hours,* to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
(X) (v) Defendant shall permit a pretrial services officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the officer.

*[Signature]* 8.9.13

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

AO 199C (Rev. 09/08) Advice of Penalties   Page 3 of 3 Pages

# ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

## Directions to the United States Marshal

( X ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: August 8, 2013

_____
*Judicial Officer's Signature*

JOHN S. BRYANT, U.S. MAGISTRATE JUDGE
*Printed name and title*

DISTRIBUTION: COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL